WILLIAM M. KUHBACH and ANNA E. KUHBACH, Appellants, v. ALBERT STAHL, Respondent.

Supreme Court, Appellate Term, First Department, May 8, 1924.

Landlord and tenant — action under rent laws (Laws of 1922, chap. 664) for increased rent — failure to allege thirty days' notice of increase not jurisdictional — motion to amend complaint should have been granted under Municipal Court Code, § 93, subd. 2.

In an action by a landlord under the rent laws (Laws of 1922, chap. 664) to recover increased rent the failure to allege that the thirty-day notice of increase had been given is not jurisdictional, and it was error to refuse to permit the plaintiff to amend the complaint in this respect pursuant to subdivision 2 of section 93 of the Municipal Court Code.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of The Bronx, first district, dismissing the complaint upon the ground that same does not state facts sufficient to constitute a cause of action.

*Turley & Altschuler* (*Milton Altschuler,* of counsel), for the appellants.

*Craig & Craig* (*Agnes M. Craig,* of counsel), for the respondent.

*Per Curiam.* The pleadings in this case, which were oral, were as follows:

Complaint: " For rent, rental value and reasonable value of use and occupation of five rooms, on the second floor in premises known as 339 Bronx Park Avenue, Borough of Bronx, New York City, commencing April 1st, 1923."

Answer: " General denial. Jury trial, rent unjust, unreasonable and oppressive. Tenant deposits $40.00 rent without prejudice."

The amount sued for was fifty dollars. While the jury was being impanelled, counsel for defendant moved to dismiss the complaint upon the ground that it " does not state that the rent demanded, under chapter 664 of the Laws of 1922, is the same

as was the previous month before the default or is an increased rental; and on the further ground that it does not state that it is a fair and reasonable rental; and on the further ground that no 30-day notice of increase has been given." Plaintiffs' counsel thereupon moved to amend the complaint so as to state that a thirty days' notice had been served. This motion was denied and the tenant's motion to dismiss the complaint was granted. Subdivision 1a of section 2 of chapter 664, Laws of 1922, provides: " In an action mentioned in the preceding section, it shall be necessary for the plaintiff to allege and prove that the amount demanded in the complaint is no greater than the rent or rental value paid by the defendant during the month preceding that which is the basis of the action, *or*, if greater, that at least thirty days' notice of such increase in writing had been given to the defendant before such amount had been so increased."

We are here concerned only with that part of the section which refers to a thirty days' notice. Plaintiffs claimed that they had given such notice, the original of which with proof of service was marked for identification. Section 93, subdivision 2, of the Municipal Court Code, provides: "At any stage of the cause the court must allow amendments of any summons, process, mandate, pleading, order, or judgment, including a petition, precept, answer and final order in a summary proceeding, if substantial justice will be promoted thereby; and as a condition thereof may impose such terms as may be just."

Plaintiffs' motion to amend the complaint should have been granted. The defect complained of was not jurisdictional.

Judgment reversed and a new trial ordered, with thirty dollars costs to the appellants to abide the event.

All concur; present, GUY, WAGNER and WASSERVOGEL, JJ.

Judgment reversed.